# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50251 | **DATE** | 11/26/2003 |
| **CASE TITLE** | HERRERA vs. HITE-CARTER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, plaintiff's claims of gender and sex discrimination in Count I are dismissed. Angela Hite-Carter is dismissed as a defendant under Count II. Defendant's motion to dismiss plaintiff's section 1983 claims is denied. Plaintiff's claim for punitive damages is stricken.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 0 2 2003 | 9 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12-1-03 | |
| /LC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# ORDER

Plaintiff, Saul Herrera, brought a two-count complaint against defendants Angela Hite-Carter, in her individual and official capacities, and the Board of Education of the Rockford School District, Number 205, alleging violations of plaintiff's civil rights. Count I alleges racial and gender discrimination in violation of 42 U.S.C. §§ 1981 and 1983; Count II alleges racial and gender discrimination in violation of 42 U.S.C. § 2000e *et seq*. This court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district. Before the court is defendants' motion to dismiss portions of plaintiff's complaint.

Defendants have presented the following six requests in their motion: (1) to dismiss with prejudice plaintiff's claims of gender discrimination and sex harassment brought pursuant to § 1981 in Count I; (2) to strike allegations of gender discrimination and sex harassment contained in ¶¶ 8, 13, and 21 in Count I; (3) to dismiss with prejudice defendant Angela Hite-Carter as a party to Count II; (4) to dismiss plaintiff's § 1983 claims against all defendants in Counts I and II; (5) to strike the § 1983 allegations from paragraph 1 of Count I, paragraph 1 of Count II, and from the prayer for relief of Count I; and (6) to strike Plaintiff's request for punitive damages.

Defendants properly point out that § 1981 only pertains to racial discrimination and not gender discrimination or sex harassment, See Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996), and their motion to dismiss with prejudice Plaintiff's claims of gender and sex discrimination in Count I ((1) above) is granted.

Defendants contend Angela Hite-Carter should be dismissed as a party to Count II because there is no individual liability under Title VII. Supervisors cannot be held liable in their individual capacities under Title VII. Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 493-94 (7th Cir. 1998). Defendants' motion to dismiss Angela Hite-Carter with prejudice as a party to Count II ((3) above) is therefore granted.

Defendants next contend plaintiff's § 1983 claims should be dismissed because the § 1983 cause of action is "preempted by the exclusive remedial scheme of Title VII." Def.'s Mot. Dismiss Portions of Pl.'s Compl. ¶ 2(c). However, a plaintiff may bring a § 1983 claim even where the same facts suggest a Title VII claim. Trigg v. Fort Wayne Comty. Sch., 766 F.2d 299, 302 (7th Cir. 1985). In Count I, plaintiff allege defendants "committed racial and gender discrimination" by "applying different standards of job allocation and evaluation" to himself and another "similarly situated" assistant principal. Compl. ¶¶ 20, 21. Plaintiff has therefore sufficiently made a constitutional racial violation claim and defendants' motion to dismiss plaintiff's § 1983 claims ((4) above), as well as various other matters regarding such claim, is denied ((2) and (5) above).

Finally, defendants ask that plaintiff's request for punitive damages be stricken because punitive damages are not recoverable against a public entity or against individuals in their official capacities. Plaintiff seeks punitive damages for both Count I and Count II. The Supreme Court has declared that "a municipality is immune from punitive damages under Section 1983." Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). While federal or state law may waive that immunity, Illinois has reaffirmed it for local public entities. Anderson v. Board of Education of City of Chicago, 169 F. Supp.2d 864 (N.D. Ill. 2001). Defendant's request to strike plaintiff's request for punitive damages in Counts I and II ((6) above) is therefore granted.